JOHN G. HORNER, RECEIVER OF WEST JERSEY MORTGAGE COMPANY, PROSECUTOR, v. BOARD OF COMMISSIONERS OF MARGATE CITY ET AL., RESPONDENTS.

Argued June 6, 1917—Decided June 19, 1917.

Under the act entitled "An act for the assessment and collection of taxes" (*Pamph. L.* 1903, *p.* 394) there is no limitation as to the lien of a tax assessed on lands against the owner, at least so long as he continues to be the owner, and a taxing district has, in such case, the right to enforce the payment of taxes assessed against the owner although the sale is not made, or attempted to be made, within two years of the twentieth day of December of the year for which the taxes are assessed.

On *certiorari*.

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *Harvey F. Carr.*

For the respondents, *Joseph Thompson.*

The opinion of the court was delivered by

BERGEN, J.   In this cause a writ of *certiorari* was allowed
to review a resolution of the defendant corporation directing
its tax collector to sell lands for taxes in arrears.

The record is so meagre that it is doubtful whether the
precise question is presented in it, but we think it sufficiently
supplemented by admissions on the argument and the briefs
of counsel to justify the consideration of the real question in
dispute, which is, Does the lien against the land for unpaid
taxes expire, in favor of the owner, at the end of two years
from the date when they are payable, where the owner, against
whom the assessment was levied, still holds the title?   The
facts, as we find them from the record and admissions of coun-
sel, are substantially as follows: In 1912, the Ventnor syn-
dicate was the owner of a tract of land in Margate City, of
which it is still the owner; in that year a tax was assessed
against the land in the name of the owner which became pay-
able December 20th of that year, and is not yet paid; that
October 9th, 1916, the city passed a resolution directing the
sale of the land to make the taxes in arrears, which is the
resolution under review; that the collector advertised the
land for sale on April 10th, 1917; that February 21st, 1912,
the Ventnor syndicate mortgaged the land to the West Jersey
Mortgage Company for $5,000, and the latter company, being
decreed to be insolvent, the prosecutor was appointed its re-
ceiver October 1st, 1915.

While we have concluded to consider the merits of the
question presented, we do not thereby wish to be understood
as conceding the right of a mortgagee to challenge the legality
of a tax assessed in the name of the owner against the mort-

gaged premises, under such conditions as are present in this case, for it may well be that even if the lien has expired as to the mortgagee, it might remain a lien against the interest of the owner sufficient in value in excess of the mortgage to raise the sum due for unpaid taxes, and that if the lien had lapsed as to the mortgagee a sale of the owner's interest would not affect the mortgagee's lien. This question we do not pass on, for it is not raised, and defendant makes no objection to the prosecutor's standing.

The only reason filed by the prosecutor is that "the lien created" by the act of 1903 (*Pamph. L., p.* 394; *Comp. Stat., p.* 5075) "has expired, and the defendants, in consequence, have no right or power to sell the said lands and can convey no valid title thereto."

This raises but one question, and the only one argued, viz., Is there any limitation to the lien for taxes on the land against which they are assessed and levied where there has been no subsequent conveyance by the owner? We are of opinion that under the act of 1903, *supra,* there is no limitation for the lien for taxes, so far as the owner is concerned, against whom the tax was levied, at least so long as he retains the title. Prior to 1854 we had no statute making taxes a lien on land or limiting the lien for taxes. In that year (*Pamph. L., p.* 429) an act was passed which provided, section 2, that an assessment for taxes against any person residing out of the state, or of corporations residing out of the county where the lands were located, should be a lien on the lands for the "space of two years," from the time when they were made payable, and in 1863 (*Pamph. L., p.* 497) this was extended to all persons and corporations whether resident or not. This limitation was maintained in all subsequent statutes relating to the subject until the general revision of the Tax act in 1903, so that under the statutes prior to 1903, taxes were made a lien on the land against which they were assessed for the space of two years after they were payable, except, since 1888 (*Pamph. L., p.* 372), when all taxes were made a first and paramount lien for the space of two years from and after December 20th in each year, to

which all conveyances, mortgages and other liens were subservient, and our courts, in construing this legislation, have uniformly held that the lien imposed expired at the end of two years from the due day. *Johnson* v. *Van Horn*, 45 *N. J. L.* 136; *Poillon* v. *Rutherford*, 58 *Id.* 113; *Hohenstatt* v. *Bridgeton*, 62 *Id.* 169. With this statutory limitation regarding taxes continued in our law for a period of forty years, together with its judicial construction before it, the legislature, by the act of 1903, *supra,* deliberately eliminated the limitation of the lien of taxes, and expressly repealed, by *Pamph. L.* 1903, *p.* 436, all the legislation relating thereto, and by section 49 of the revised act of 1903 declared that all unpaid taxes should be, after the 20th day of December next after the assessment, "a first lien on the land on which they are assessed, and paramount to all prior or subsequent alienations and the descents of the said land or encumbrances thereon, except subsequent taxes." Section 50 of the act requires the collector of each taxing district to file, on or before the first Tuesday of February in each year, with the county clerk, except in cities having charter provisions for a public record of tax liens on land, a list of all unpaid taxes assessed the preceding year on real estate in his taxing district, setting forth against whom assessed, the description of the property and the amount of taxes assessed thereon, arranged alphabetically in the names of the owners, and then declares that "the said list when filed and the record thereof shall be constructive notice of the existence of the tax lien for two years from said first Tuesday of February, but not thereafter against any parcel unless within said term of two years the sale of said parcel shall be noted in the record."

The same section further provides that a purchaser or mortgagee in good faith after the said first Tuesday of February, whose deed or mortgage is recorded before the collector has filed his list, shall hold his title free from the tax lien. The radical change made by this statute is that the lien of taxes is no longer subject to any limitation; they are made a lien paramount to all conveyances or mortgages except such as are taken after the first Tuesday in any February and recorded

before the collector has filed his list. This was manifestly adopted to protect innocent purchasers and mortgagees in good faith against the default of the collector in not filing his list on the day required by law, but they are not protected if recorded after the list has been filed, so, that if such purchaser or mortgagee finds no list on file showing taxes in arrears against the land when he records 'his conveyance or mortgage, he may safely accept either. That part of section 50 relating to the limitation of constructive notice to two years does not destroy the tax lien in favor of an owner, for he has actual notice that he has not paid his taxes, and the legislature could not have intended to do away with the actual notice which he had, and put in its place a constructive notice, which is one which the law implies and charges him with in absence of actual notice.

This limitation of constructive notice only applies to persons who deal with the land without notice of any tax lien.

As to such persons the list filed is a notice which the law implies they have, but this implication fails, by force of the statute, after the lapse of two years from the beginning of the lien, after which the list is not constructive notice to a purchaser or mortgagee of the tax lien, and if he finds no list on file, or a sale noted, within two years, he may assume that there are no taxes in arrears which are a lien upon the property. It may well be doubted whether this statute applies in any case where the conveyance or mortgage is recorded prior to the assessment, for, as was said by Mr. Justice Dixon, in *Robinson* v. *Hulick,* 67 *N. J. L.* 496 : "All persons interested, or about to become interested, in lands in New Jersey, are chargeable with notice of these laws and of their normal operation. Every purchaser or mortgagee of such land must therefore be deemed to have notice of the taxes which become a lien upon that land on every 20th day of December after he acquires his interest."

We are inclined to think that the statute with reference to the constructive notice to be derived from the filed list was intended for the protection of persons intending to become interested in the land, and that as to them the list is not a

constructive notice for more than two years after it is filed, so, that if in searching the record, he finds no list containing an assessment unpaid against the land, he is not chargeable with notice of any assessment, although filed, which is not within the limited period, but if this be not sound, we are of opinion that the limitation of the effect of the constructive notice provided by the statute does not apply where the owner had actual notice of a tax levied during his ownership, and that, so far as he is concerned, the tax remains a lien upon his land without limitation by any statute.

The result which we reach is that the prosecutor can take nothing by his writ and that it should be dismissed, with costs.